UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

26-MJ-569

v.

CATHERINE BETH WASHBURN,

Defendant.

---

**PROTECTIVE ORDER**

The discovery in this case includes numerous documents containing personal identifying information for witnesses and sensitive law enforcement material. To preserve the confidentiality of this information, the parties have agreed to the entry of this Protective Order related to the handling of this material.

WHEREFORE it is hereby ordered that:

1. The parties are in agreement that, to the extent that the requested confidential information is disclosed, such confidential information may only be used, disseminated, copied or disclosed as indicated in this Order.

2. None of the parties or counsel to this action shall use such confidential documents for any purpose other than related to this case.

3. The confidential documents and information may only be disclosed to each party's counsel of record and any employees or members of the same law office of such counsel who are assisting said counsel in this action. The defendant may review and inspect the confidential documents and information with her counsel, members of her counsel's law

office, or employees of her counsel, but may not personally possess any un-redacted confidential documents or information. If necessary, the government will provide the defense with a separate, redacted copy of the discoverable materials, which may be provided to the defendant.

4. Persons within the scope of paragraph 3 may not retain copies of confidential documents or the information therefrom, and such persons must return all confidential documents to counsel of record who provided such documents or information to them when their participation in the case is ended or their need to have such documents and information ends, whichever comes first.

5. Counsel for the defense will be responsible for informing any person to whom they disseminate the confidential documents or information that such is confidential, that such may not be used in any manner except in the course of this case, and that such must be returned when the case is ended or their need to have such documents and information ends, whichever comes first.

6. Nothing in this Order waives any objection to discovery.

7. Nothing herein shall limit a party's or its counsel's use of its own documents.

8. The parties shall confer between themselves concerning measures which should be taken during trial of this action to satisfy the requirements of confidentiality consistent with the right of all parties to present all admissible evidence necessary for a proper resolution of this case. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

9. In the event that any "confidential" document or information is used in any

court proceeding in this action, it shall not lose its confidential status under this Order through such use, its use shall continue to be subject to the provisions of the Order that are not inconsistent with other orders by the Court regarding their use at trial, and the parties shall take all steps reasonably required to protect its confidentiality during such use, including redaction of protected information.

10. Upon conclusion of this action, including all appeals, the provisions hereof relating to the access to and use of confidential documents and information therefrom shall continue to be binding on all persons entitled to access under the terms of this Order, and the defense shall deliver to the Government all confidential documents and all copies, summaries, extracts and notes thereof which contain protected information, whether in its possession, possession of its counsel, or possession of any employees or persons retained by the defense to whom such documents or information was provided; or, in the alternative counsel for defendant shall represent in writing to the Government that all confidential documents and information and all copies, summaries, extracts, and notes therefrom have been destroyed.

So Ordered this 12th day of August, 2026.

HON. MARK W. PEDERSEN
United States Magistrate Judge

ADAM J. WILLMAN, ESQ.
Attorney for Defendant

NICHOLAS M. TESTANI
Assistant United States Attorney